594 F.2d 979
 201 U.S.P.Q. 641, 1979-1 Trade Cases 62,516
 The DUPLAN CORPORATION, Burlington Industries, Inc., Dixie
Yarns, Inc., Frank Ix & Sons Virginia Corporation, Hemmerich
Industries, Inc., Jonathan Logan, Inc., Lawrence Texturing
Corp., Leon-Ferenbach, Inc., (Division of
Chromalloy-American Corp.), Madison Throwing Co., National
Spinning Co., Inc., Reliable Silk Dyeing Co.,
Swarzenbach-Huber Co., (now by merger Indian Head, Inc., a
Delaware Corp.), Spring-Tex, Inc., TexElastic Corporation,
Texfi Industries, Inc., United Merchants & Manufacturers,
Inc., Appellees,
v.
DEERING MILLIKEN INC., Deering Milliken Research
Corporation, Moulinage et Retorderie De Chavanoz, Appellants,
and
Ateliers Roannais De Constructions Textiles, and ARCT, Inc.,
Defendants.
The DUPLAN CORPORATION, Burlington Industries, Inc., Dixie
Yarns, Inc., Frank Ix & Sons Virginia Corporation, Hemmerich
Industries, Inc., Jonathan Logan, Inc., Lawrence Texturing
Corp., Leon-Ferenbach, Inc., (Division of
Chromalloy-American Corp.), Madison Throwing Co., National
Spinning Co., Inc., Reliable Silk Dyeing Co.,
Swarzenbach-Huber Co., (now by merger Indian Head, Inc., a
Delaware Corp.), Spring-Tex, Inc., TexElastic Corporation,
Texfi Industries, Inc., United Merchants & Manufacturers,
Inc., Appellants,
v.
DEERING MILLIKEN INC., Deering Milliken Research
Corporation, Moulinage et Retorderie De Chavanoz,
Ateliers Roannais De Constructions
Textiles, and ARCT, Inc., Appellees.
The DUPLAN CORPORATION, Burlington Industries, Inc., Dixie
Yarns, Inc., Frank Ix & Sons Virginia Corporation, Hemmerich
Industries, Inc., Jonathan Logan, Inc., Lawrence Texturing
Corp., Leon-Ferenbach, Inc., (Division of
Chromalloy-American Corp.), Madison Throwing Co., National
Spinning Co., Inc., Reliable Silk Dyeing Co.,
Swarzenbach-Huber Co., (now by merger Indian Head, Inc., a
Delaware Corp.), Spring-Tex Inc., TexElastic Corporation,
Texfi Industries, Inc., United Merchants & Manufacturers,
Inc., Appellants,
v.
DEERING MILLIKEN INC., Deering Milliken Research
Corporation, Moulinage et Retorderie De Chavanoz,
Ateliers Roannais De Constructions
Textiles, and ARCT, Inc., Appellees.
The DUPLAN CORPORATION, Burlington Industries, Inc., Dixie
Yarns, Inc., Frank Ix & Sons Virginia Corporation, Hemmerich
Industries, Inc., Jonathan Logan, Inc., Lawrence Texturing
Corp., Leon-Ferenbach, Inc., (Division of
Chromalloy-American Corp.), Madison Throwing Co., National
Spinning Co., Inc., Reliable Silk Dyeing Co.,
Swarzenbach-Huber Co., (now by merger Indian Head, Inc., a
Delaware Corp.), Spring-Tex, Inc., TexElastic Corporation,
Texfi Industries, Inc., United Merchants & Manufacturers,
Inc., Appellees,
v.
DEERING MILLIKEN INC., Deering Milliken Research
Corporation, Moulinage et Retorderie De Chavanoz, Appellants,
and
Ateliers Roannais De Constructions Textiles, and ARCT, Inc.,
Defendants.
 Nos. 78-1024 to 78-1027.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 8 and Feb. 9, 1979.
Decided March 26, 1979.
 
 Jay H. Topkis and Jay Greenfield, New York City (Simon H. Rifkind, Cameron Clark, Howard S. Veisz, Victoria G. Traube, Andrew Kull, Paul, Weiss, Rifkind, Wharton & Garrison, Granville M. Pine, Harry C. Marcus, Kurt E. Richter, Morgan, Finnegan, Pine, Foley & Lee, New York City, Butler, Means, Evins & Browne, Spartanburg, S. C., on brief), for appellants DMRC, Chavanoz and DMI.
 David L. Foster, New York City (Michael C. Lambert, Richard A. Van Dusen, James J. Calder, Willkie Farr & Gallagher, New York City, on brief), for appellees-cross appellants The Duplan Corp. and Lawrence Texturing Corp., McNeill Smith, Greensboro, N. C. (Michael R. Abel, Smith, Moore, Smith, Schell & Hunter, and David Rabin, Greensboro, N. C., on brief), for appellees-cross appellants Texfi Industries, Inc., Dixie Yarns, Inc., Reliable Silk Dyeing Co., Inc., and Spring-Tex, Inc.
 William K. West, Jr., Washington, D. C. (John W. Malley, W. Warren Taltavull, Cushman, Darby & Cushman, Washington, D. C., O. G. Calhoun, Jr., and Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., on brief), for appellees-cross appellants Burlington Industries, Inc., Madison Throwing Co., Nat. Spinning Co. and Leon-Ferenbach, Inc. (Division of Chromalloy-American Corp.).
 Paul B. Bell, Charlotte, N. C. (Charles B. Park, III, John J. Barnhardt, III, Bell, Seltzer, Park & Gibson, Fletcher C. Mann and Leatherwood, Walker, Todd & Mann, Greenville, S. C., on brief), for appellees-cross appellants The Duplan Corp., Frank Ix & Sons Virginia Corp., Jonathan Logan, Inc., Lawrence Texturing Corp., Schwarzenbach-Huber Co., United Merchants & Mfrs., Inc.
 David Rabin, New York City, on brief, for appellees-cross appellants TexElastic Corp. and Hemmerich Industries, Inc.
 James N. Buckner, New York City (Granville M. Brumbaugh, Granville M. Brumbaugh, Jr., Brumbaugh, Graves, Donohue & Raymond, New York City, on brief), for appellees ARCT-France.
 Arthur O. Cooke, A. Wayland Cooke, Cooke & Cooke, Greensboro, N. C., on brief, for appellee ARCT, Inc.
 Thomas T. Moore, Robinson, McFadden, Moore & Pope, Columbia, S. C., on brief, for appellee ARCT, Inc.
 Before BRYAN, Senior Circuit Judge, and HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this consolidated patent-antitrust litigation involving the textile industry, defendants, Moulinage et Retorderie de Chavanoz (Chavanoz), Deering Milliken Research Corporation (DMRC) and Deering Milliken, Inc. (DMI) appeal the judgment of the district court against them for antitrust violations arising from a continuing horizontal conspiracy. Chavanoz and DMRC also appeal various holdings regarding the validity, infringement and misuse of certain patents held by Chavanoz. Plaintiffs cross-appeal the court's holding that no vertical antitrust conspiracy was established, as well as the dismissal of all claims against defendants Ateliers Roannais de Constructions Textiles (ARCT-France) and ARCT, Inc.[1]
 
 
 2
 Judge Dupree's opinion, reported at 444 F.Supp. 648 (D.S.C.1977), is admirably comprehensive in its detail of the facts and its discussion of the proof, and the inferences drawn from these premises are warranted and fair. So thorough, explicit and sound is the opinion that we are satisfied to affirm the decision of the district court upon Judge Dupree's opinion, with only one exception.
 
 
 3
 We reverse that portion of the district court's opinion, 444 F.Supp. at 689-91, entering judgment for defendants ARCT-France and ARCT, Inc.[2] The evidence is clear and conclusive that these defendants were active, knowing participants in the horizontal conspiracy.
 
 
 4
 The district court found that the 1964 settlement agreement was the core of a scheme to stabilize and maintain production royalties on false twist machines and to monopolize the United States market for these machines. ARCT-France participated in the settlement negotiations through a representative, signed the final agreement, and subsequently participated in the day-to-day operation of the scheme. ARCT, Inc. is likewise culpable and cannot claim ignorance of the purpose or effect of the scheme; its stock was owned entirely by ARCT-France (60%), Soep, the ARCT-France representative in the settlement negotiations (5%) and Waters, an ARCT, Inc. executive with at least peripheral participation in the settlement (35%). The royalty system, which depended upon the restriction of machine deliveries to DMRC use licensees, could not have been maintained without the active co-operation of ARCT-France and ARCT, Inc.
 
 
 5
 Where, as here, the ARCT corporations were knowing participants in a scheme whose effect was to restrain trade, the fact that their motives were different from or even in conflict with those of the other conspirators is immaterial. Cf. United States v. United States Gypsum Co., 422 U.S. 438,98 S.Ct. 2864, 2873 n.13, 57 L.Ed.2d 854 (1978); Albrecht v. Herald Co.,390 U.S. 145, 149-50, 88 S.Ct. 869, 19 L.Ed.2d 998 (1968). Similarly, it is no defense that their actions may have been reluctant or even coerced, United States v. Paramount Pictures, Inc., 334 U.S. 131, 161, 68 S.Ct. 915, 92 L.Ed. 1260 (1948), or amounted to no more than adherence to prior practices, United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 253, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).
 
 
 6
 Both ARCT-France and ARCT, Inc. knew that their co-operation was essential to successful operation of the scheme, and they gave that co-operation. Moreover, although a finding of benefit to the ARCT corporations is unnecessary to establish their liability, the district court's conclusion that no benefit obtained to them is clearly erroneous because the evidence conclusively shows that their co-operation was an implied condition to their continuance in business. See Freed Oil Co. v. Quaker State Oil Refining Corp., 419 F.Supp. 479, 492 (W.D.Pa.1976). Their actions were more than sufficient to establish their liability as co-conspirators, and the judgment of the district court in favor of ARCT-France and ARCT, Inc. and awarding them costs is accordingly reversed.
 
 
 7
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 [1]
 The district court reserved the issue of damages for later trial and we permitted this interlocutory appeal under 28 U.S.C. § 1292(b)
 
 
 [2]
 ARCT-France holds exclusive rights to manufacture and sell machinery embodying the Chavanoz patents. Since its formation in 1966, ARCT, Inc. has been the exclusive United States distributor of the machines manufactured by ARCT-France